**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BRUCE L. FRANZEN,

    Petitioner,                                     3:00-cv-0637-ECR-RAM

vs.

E.K. McDANIEL, *et al.*,                            **ORDER**

    Respondents.

_____/

This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by Bruce L. Franzen, a Nevada prisoner convicted of murder. Franzen's habeas corpus action is before the court on the merits of the three remaining claims in Franzens first amended petition.

One of the claims to be resolved is Ground 3d of the first amended petition, a claim that Franzen was denied his federal constitutional right to effective assistance of counsel on account of his counsel's failure, at trial, to object to the admission into evidence of certain autopsy photographs. *See* First Amended Petition (docket #17), p. 20.

In a minute order entered July 20, 2009 (docket #106), the court noted that the parties had not provided the court with the three autopsy photos at issue, or with copies of other related trial exhibits. The court stated that inspection of those materials would assist the court in resolving this claim. The court, therefore, ordered that respondents were to supplement the record, pursuant to

Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts, by filing copies of trial exhibits A-1 through A-20.

Respondents filed copies of the trial exhibits on July 29, 2009 (docket #107).

Then, pursuant to the minute order entered July 20, Franzen had time to file any objection to the expansion of the record. Franzen filed an objection on July 30, 2009 (docket #108).

In his objection, Franzen points out that the copies of the trial exhibits filed by respondents are black and white copies. *See* Exhibits filed July 29, 2009 (docket #107). Franzen argues that "the gravamen of Mr. Franzen's claim in Ground 3(d) is the prejudicial nature of the photographs and that question can only be properly answered after a review of the photographs as they were presented to the jury-in color." Objection (docket #108), p. 2.

Franzen's objection is well taken. The court determines that, in view of the nature of the claim, color copies of the exhibits, better reflecting the way they appeared to the jury, would better assist the court in resolving this claim. The court will require respondents to file such copies of trial exhibits A1 through A20.

**IT IS THEREFORE ORDERED** that within **10 days** from the date of this order, respondents shall file new copies of trial exhibits A-1 through A-20, which were admitted into evidence at petitioner's trial on September 20, 1983. The copies should be color copies, reflecting reasonably well the exhibits as they appeared to the jury. Respondents should number those exhibits beginning with Exhibit 334 (where the exhibits heretofore submitted by the parties leave off). If respondents believe that it is not feasible to comply with this order, respondents should file a notice explaining that.

///
///
///
///
///

1  **IT IS FURTHER ORDERED** that within **7 days** after respondents file copies of the trial
2  exhibits as directed in this order, petitioner may file a notice setting forth any objection he has to the
3  expansion of the record to include those exhibits.
4
5           Dated this 31st day of July, 2009.
6
7                                                          *Edward C. Reed.*
                                                    UNITED STATES DISTRICT JUDGE
8